GILBERT v DEPARTMENT OF SOCIAL SERVICES

Docket No. 85835. Submitted June 28, 1985, at Lansing.—Decided October 7, 1985. Leave to appeal applied for.

Patrick A. I. Gilbert, individually and as next friend of Timothy Gilbert, a minor, and Sharon Gilbert brought an action against the Department of Social Services and L. M. Cruse alleging damages for negligent investigation of suspected child abuse. The Court of Claims and Ingham Circuit Court granted summary judgment for the department and Cruse, respectively, Ray C. Hotchkiss, J. Plaintiffs appealed and the Court of Appeals affirmed in an unpublished opinion, Docket No. 68302, decided November 15, 1983. Plaintiffs applied for leave to appeal and the Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals to consider, in light of *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567 (1985), whether Cruse is immune from liability, 422 Mich 925 (1985). On remand, *held:*

A Department of Social Services protective services worker is immune from tort liability for continuing in good faith to investigate and maintain records on a suspected child abuse case.

Affirmed.

MacKENZIE, J., concurred separately to reaffirm her belief that a Department of Social Services protective services worker is immune from tort liability pursuant to the Child Protection Law where he in good faith investigates a child abuse case.

OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES.

Immunity from tort liability under the governmental immunity statute extends to individuals only where they are: (1) acting in the course of their employment and acting, or reasonably

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Municipal, School, and State Tort Liability §§ 85-102.

Validity and construction of statute authorizing or requiring governmental unit to indemnify public officer or employee for liability arising out of performance of public duties. 71 ALR3d 90.

believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary as opposed to ministerial acts (MCL 691.1407; MSA 3.996[107]).

CONCURRENCE BY MACKENZIE, J.

2. GOVERNMENTAL IMMUNITY — CHILD PROTECTION LAW — PROTECTIVE SERVICES WORKERS.

*A Department of Social Services protective services worker is immune from tort liability pursuant to the Child Protection Law where he in good faith investigates a child abuse case (MCL 722.625; MSA 25.248[5]).*

*Reid, Reid, Perry & Lasky, P.C.* (by *Michael H. Perry* and *Patrick R. Hogan),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *Ronald W. Carlson,* Assistants Attorney General, for defendants.

Before: HOOD, P.J., and CYNAR and MACKENZIE, JJ.

CYNAR, J. Plaintiffs appealed as of right from the trial court's order granting summary judgment to the defendants based on the governmental immunity statute. This Court affirmed the trial court in an unpublished opinion filed on November 15, 1983 (Docket No. 68302, HOOD, J., concurring separately). Plaintiffs filed for leave to appeal to the Michigan Supreme Court. The leave application was held in abeyance pending the decision in *Ross v Consumers Power Co (On Rehearing).* On order of the Michigan Supreme Court, the decision in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1985), having been issued on January 22, 1985, the application was reconsidered and in lieu of granting leave to appeal the case was remanded, 422 Mich 925 (1985), to this Court pursuant to MCR 7.302(F)(1) for reconsideration in light of *Ross, supra.*

The issue on reconsideration as stated in the Michigan Supreme Court's remand order is whether the individual defendant, L. M. Cruse, a child protective services worker, is individually immune from liability.

Individual immunity is granted to individual defendants under MCL 691.1407; MSA 3.996(107) only when they are: (1) acting in the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary as opposed to ministerial acts. *Ross, supra,* pp 633-634. In *Ross* it was noted that an individual who decides whether to engage in an activity and how best to carry it out engages in a discretionary act. The specific acts complained of, rather than the general nature of the activity, must be examined. *Ross, supra,* pp 634-635. Our examination of the complaint indicates that the specific activity of which plaintiffs complain is that Cruse continued the investigation and continued to maintain records on the case notwithstanding plaintiffs' protests. These decisions were discretionary. Cruse was exercising his discretion in deciding whether the investigation should be continued. He was therefore cloaked with immunity. *Ross, supra,* pp 633-634. The order of summary judgment is affirmed.

Hood, J., concurs in result only.

MacKenzie, J. *(concurring).* I agree that under *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1985), defendant Cruse, the DSS protective services worker, was individually immune from liability. As stated in the lead opinion, under *Ross* individual immunity is granted to individual defendants under MCL

691.1407; MSA 3.996(107) when they are (1) acting in the course of their employment and within the scope of their authority, (2) acting in good faith, and (3) performing discretionary acts. The lead opinion correctly recognizes the discretionary nature of the acts defendant was alleged to have negligently performed. I would further note that the acts complained of were within the scope of defendant's authority, were undertaken in the course of defendant's employment, and were not alleged to have been performed in bad faith. Accordingly, all three *Ross* criteria were satisfied in this case so that the trial court's order of summary judgment in favor of defendant Cruse was proper.

Additionally, I agree with the concurrence to the earlier opinion in this case insofar as it would hold defendant Cruse to be protected by the Child Protection Law's immunity provision, MCL 722.625; MSA 25.248(5). I too read the language of that section to protect a DSS protective services worker who in good faith investigates a child abuse case pursuant to the mandates of the Child Protection Law. Thus, to the extent that the trial court found MCL 722.625; MSA 25.248(5) applicable to defendant Cruse, I would also affirm the court's order.